THE FIRST NATIONAL BANK OF MEMPHIS v. A. S. OLDHAM et al.

1. EVIDENCE. *Testimony of a deceased witness.* The testimony of a deceased witness taken by deposition in a former suit between the same parties, where the adverse litigant was legally called upon and had the opportunity to cross-examine, may be proved by the commissioner who took the deposition, either by swearing to what the witness testified, or to the accuracy of the deposition, or both, and in the latter event the original deposition may be read as part of the commissioner's testimony.

2. SAME. *Same. Admissible. When.* If the testimony of a deceased witness is admissible against the party sought to be charged, it would be equally admissible over the objection of a third person joined in the suit for a different purpose.

3. BONDS. *Market value. Contract.* Query, whether county bonds, having an actual marketable value at the time of entering into a contract of which they form the consideration, and being what they purported to be, would cease to be a consideration sufficient to sustain the contract if afterwards held to have been unconstitutionally issued.

First National Bank *v.* Oldham.

4. SUPREME COURT PRACTICE. *Will remand. When.* Where a jury has been demanded in a chancery suit, and the issues joined are material and such as should be passed upon by the jury, and this court reverses the decree for error in the charge of the court, the cause must be remanded for a new trial.

## FROM LAUDERDALE.

Appeal from the Chancery Court at Ripley. H. J. LIVINGSTON, Ch.

E. J. & J. C. READ and BENJ. J. LEA for complainants.

TAYLOR & CARROLL, STEELE & STEELE, LYNN & OLDHAM and ESTES & ELLETT for defendants.·

COOPER, J., delivered the opinion of the court.

On May 26, 1875, this bill was filed by the First National Bank of Memphis, as a creditor of the defendant, A. S. Oldham, upon the ground that Oldham had made a fraudulent assignment of his property to the defendant, R. A. Parker, in trust for the benefit of the defendant, John T. Fargason. The decree was in favor of complainant, and the defendants appealed.

The complainant sued upon a note, dated June 27, 1871, made by C. C. Partee, payable six months after date to Partee and Harbert, at the office of N. Gwynn & Co., of Louisville, Kentucky, and by the payees as first endorsers, and defendant A. S. Oldham as second endorser, for the sum of $5,000. The defendant Oldham resided about six miles from the town of Ripley, in Lauderdale county, Tennessee, with a post-office having a weekly mail within a mile of his residence,

in Haywood county, at which he was in the habit of receiving his letters and papers. The bill averred that the note had been duly presented for payment at maturity at the place designated therein, protested for non-payment, and notice given to Oldham. The notice of protest had been sent to him by mail, directed to Ripley.

The trust conveyance sought to be set aside by the bill, was made by Oldham on March 1, 1875, and conveyed his home place, known as Eylau farm, consisting of two thousand five hundred acres in a body, although made up of several small tracts of land held under different title papers. It secured two notes of Oldham to John T. Fargason, of even date with the deed, at one and two years, with interest at the rate of ten per cent. per annum from date until paid. The trustee was empowered, upon failure of Oldham to pay the notes as they fell due, to sell the land for cash in satisfaction thereof, at public sale, after due advertisement, at a designated place in Memphis, and apply the proceeds first to the payment of the expenses of the trust, next to the satisfaction of the secured debt, and any surplus to the defendant Oldham, or as he may direct. The consideration of the notes thus secured consisted of the bonds of the county of Lauderdale, and coupons thereon, of the nominal amount of about thirty thousand dollars, which bonds had been issued by the county in aid of the Paducah and Memphis Railroad Company, and had been bought by Oldham from Fargason.

The defendants answered the bill, denying the facts

upon which its claims to relief were rested. On the 19th of June, 1877, the defendant Oldham demanded a jury "to try the issues of demand and notice and protest, and that he does not owe the complainant the sum of money demanded." An issue was thereupon made up between complainant and the defendant Oldham, the complainant alleging that he was the owner of the note sued on, describing it, that it was presented for payment at maturity to N. Gwynn & Co., at Louisville, Kentucky, that payment was refused, whereupon the note was protested, and due notice thereof given to the endorsers. The defendant replied that the complainant was not the holder and owner of the note sued on, that defendant does not owe the sum of money demanded, that the note was not presented for payment at maturity, and protested for non-payment, nor was notice of protest given. The defenses were all embraced in one plea. There was a trial by jury, which resulted in a verdict in favor of the complainant, but the verdict was set aside by the court.

On the 3d of December, 1877, the defendants, Fargason and Parker, also demanded a jury, and issues were again made up. The complainant answered: 1st, that the note sued on was presented for payment at maturity, protested and notice given; 2d, that the deed of trust was made by Oldham to hinder, delay, and defraud his creditors, and that Fargason and Parker had notice thereof, and participated in the fraudulent purpose. To the first specification, Fargason and Parker replied that Oldham was not duly notified of the demand of payment, and refusal to pay. To the

46—VOL. 6.

second specification they replied: 1st, that the deed
of trust was not made by Oldham to hinder, delay
or defraud his creditors; 2d, that the defendants,
Fargason and Parker, did not participate in the fraud-
ulent purpose charged. The defendant Oldham also
denied that the deed of trust was made by him for
the purpose of hindering, delaying or defrauding his
creditors. The jury, upon the charge of the court,
found "all the issues of fact in this cause in favor
of the complainant."

On the trial, the only contest on the first branch
of the issues joined was over the question of the
notice of protest of the note sued on by the complain-
ant. It clearly appeared that the complainant was
the owner of the note, and that the note had been
properly presented for payment at maturity, and duly
protested. There was abundant evidence, moreover,
that neither the complainant, nor the officers of the
bank at Louisville to whom the note had been for-
warded for collection, nor the notary public who pre-
sented it for payment, protested it, and mailed the
notices of protest, knew the post-office of the defend-
ant Oldham. The proof is ample that the complainant,
upon inquiry of C. C. Partee, the maker of the note,
who was a brother-in-law of Oldham, at the time the
note was taken by the bank, and afterwards when it
was about to fall due, was informed by him that the
post-office of Oldham was at Ripley. There is full
proof also that the notary public was informed by the
officer of the bank at Louisville, by whom he was
employed, and again by Gwynn & Co., at whose office

the note was payable, that Ripley was the post-office of Oldham, and Oldham himself admitted that he received the notice at Ripley, but at a later day than if it had been sent to his proper office. The charge of the court is not excepted to, and is in accord with the law as settled by this court: *Marsh* v. *Barr*, Meigs, 68. The objection made is to the admission of the evidence of the notary public, who presented the note for non-payment, made the protest and mailed the notices.

The facts upon this assignment of error, as shown by the record, are somewhat peculiar. Previous to the filing of this bill, the complainant had sued Oldham at law upon the note, and had, in the progress of that suit, taken the deposition of the notary public, upon formal notice to Oldham, and filed it in the cause. After the institution of this suit, the complainant dismissed that action. In the meantime, the notary public had died. On the trial of the issues in this case, the complainant read, " over the objection of the defendant Oldham," the transcript of the record of the circuit court in the action at law, which transcript included the notice given to Oldham of the taking of the deposition of the notary, and the deposition itself. In his charge, the chancellor instructed the jury that this transcript was competent evidence to show the parties to the suit, when the suit was commenced, when dismissed, and the subject-matter involved. Of course, with this limitation of its effect, the record was clearly admissible. The complainant took the deposition of the commissioner who had taken the

deposition of the notary in the suit at law, and proved by him that he had taken it at the time, after swearing him according to law, that the witness had stated and sworn to the facts written down by him, and signed the deposition, and that he, the commissioner, had sealed up the deposition without parting with its custody, addressed it to the clerk of the law court, and put it in the mail. This witness detailed in his deposition all the testimony of the notary, and also made the deposition of the notary an exhibit to his own deposition. The complainant also proved by the clerk of the circuit court, that the deposition of the notary had been received and filed by him, and that the deposition appended to the commissioner's deposition was the same thus received and filed. The clerk also proved the notice of the taking of the notary's deposition, and that it was returned to his office served upon Oldham, and was duly filed by him.

The bill of exceptions says: "Complainant offered to read the deposition of W. W. Helm (the commissioner), and the deposition of J. M. Egelhoff (the notary) appended thereto and made a part thereof, and the original notice and service thereof appended to the deposition of Egelhoff, and the envelopes and endorsements thereon, purporting to have been the original envelope of the original deposition of said Egelhoff, addressed to Thos. A. Rayner, clerk of the circuit court at Brownsville, and proved the signature of Rayner, and that he was clerk of the court at the time." " To the reading of the depositions, the defendant Oldham objected generally, and specially for the want of

notice of taking the original deposition of Eglehoff. He objected to the entire deposition of Helm, and then to what Helm stated as to what Eglehoff swore, and then specially to the 9th question and answer in Helm's deposition, and then specifically to the deposition of Eglehoff."

If exceptions could avail the defendant, it must be conceded that he is armed with them at all points. But the very fact of a resort to such a multiplicity of exceptions is very persuasive that there is nothing in any of them. It is not denied that the testimony of a deceased witness may be proved where it was given under oath, in a judicial proceeding in which the adverse litigant was a party, had the power to cross-examine, and was legally called upon so to do: 1 Gr. Ev., 163; *Kendrick* v. *State*, 10 Hum., 479; *Wade* v. *State*, 7 Baxt., 80. And what the witness testified may be proved by a person who will swear from his own memory, or by written notes taken by any person who will swear to their accuracy: 1 Gr. Ev., 166; *Rogers* v. *Burton*, Peck, 108; *Beets* v. *State*, Meigs, 106. Here, the commissioner swears that he took the deposition of the notary, after qualifying him according to law, and identifies the original writing, as well as states what this witness swore. A more satisfactory statement of the testimony of a deceased witness, it would be difficult to imagine. The deposition of the commissioner, with the exhibits, were properly admitted. The 9th question and answer, specially excepted to, were as free from objection as the residue of the deposition. The question was, whether

the commissioner had sworn the notary before taking his testimony, and the answer was that he had.

Fargason and Parker were equally prolific in exceptions, but the only exception relied on in argument is, that the deposition was taken in a suit to which they were not parties. But the liability of Oldham as endorser on the note is exclusively a question between complainant and Oldham, the decision of which in a suit fairly litigated would be conclusive on third persons. The relation of creditor and debtor established by a judgment cannot be disputed by a third person, nor can the amount. of the judgment debt be contradicted, where the judgment is not impeached for fraud between the parties: *Candee* v. *Lord,* 2 Comst., 269; *Sidensparker* v. *Sidensparker,* 52 Maine, 481. Any evidence admissible against the debtor would be equally admissible against a third person, although joined in the same suit for another purpose.

There is no error in the decree of the court below in so far as it has rendered a judgment in favor of the complainant against the defendant Oldham for the amount of the note sued on with interest. But his Honor, the chancellor, erred in his charge to the jury upon the issue joined in relation to the fraudulent character of the deed of trust made by Oldham.

He instructed the jury as follows: "I further charge you that if you find from the proof that the only consideration passing between defendant Oldham and defendant Fargason for the two notes secured in said deed of trust was the sale of certain railroad bonds and coupons, issued by the. county of Lauder-

dale, in aid of the Paducah & Memphis Railroad under the proceedings had and done by the county court of Lauderdale county, as set forth and shown in the transcript of the proceedings of said court read to you, then you will find that the two notes thus secured by the deed were executed without any valuable consideration, and could not be enforced against defendant Oldham by defendant Fargason, and that the deed made to secure them, if without any other valuable consideration, would be voluntary and not binding against complainant, if the proof shows complainant to have been a creditor of defendant Oldham at the time of said conveyance, and that said Oldham did not retain an ample amount of property to meet complainant's said debt and his other indebtedness. In the event of your finding said trust deed voluntary, and defendant Oldham indebted at the time of its execution, and without ample property left to meet his liabilities, and that complainant's debt was a part of his then indebtedness, you will find for the complainant on all the issues of fraud." Inasmuch as the consideration of the notes secured by the deed of trust consisted entirely in Lauderdale county bonds and the coupons cut therefrom, the charge left the jury no option except to find for the complainant.

His Honor was induced to make this charge under the impression that the decision of this court touching the Tipton county bonds, then recently made, equally applied to the Lauderdale county bonds. But the decision relied on was made without any real litigation, the bondholders not being before the court. It is

doubtful whether the facts disclosed by this record touching the Lauderdale county bonds would make out a similar case. And it is still more doubtful, whether, even if they made out such a case, the invalidity of the bonds would affect contracts made by a sale of them when they had a value, with full knowledge on the part of the purchaser of all the facts, and without any warranty of their validity or value. They were the genuine bonds of the county in that they were authorized by the county court to be executed and issued by the county officers, and were so issued. It is probable that a loss occasioned by their being subsequently pronounced by the courts unconstitutionally issued, and therefore void, would fall, under the circumstances shown by this record, upon the purchaser: *Walker* v. *Clark*, 2 Leg. Rep., 43; *Gowen* v. *Shute*, 4 Baxt., 57; *Crockett* v. *Alexander*, 5 Heis., 107; *Otis* v. *Cullum*, 92 U. S., 447; *Lambert* v. *Heath*, 5 Mees. & Wels., 486. But it is not necessary to decide this point. We have held at the present term in the case of *Fargason* v. *Oldham*, a bill filed to fore close the deed of trust in this case, that the bonds of Lauderdale county were valid and binding on the county.

The only doubt raised by the record is whether the cause can be now finally disposed of. By the Code, either party to a suit in chancery may have a jury to try issues of fact in the case, the finding of the jury to have the same force and effect as on a trial at law: Code, secs. 4465, 4469. Under these provisions, the verdict of a jury upon a material issue in chancery has all the weight of a verdict at law,

and errors in the proceedings must be corrected in the same mode: *James* v. *Brooks*, 6 Heis., 150; *Morris* v. *Swaney*, 7 Heis., 591.   But if the party applying for a jury fails to submit proper issues, the verdict will necessarily be immaterial, and the court may determine the case as though no jury trial had taken place, if the record is in a condition to justify that course: *Gass* v. *Mason*, 4 Sneed, 509; *Ragsdale* v. *Gossett*, 2 Lea, 730.   The same course may be pursued if the decision of the court turns upon the construction of a written instrument, and is conclusive of the issue: *Mills* v. *Faris*, 12 Heis., 452.   In the present case, the allegation of the issue, as well as of the bill, is that there was fraud in fact in the execution of the deed of trust in controversy, and, although most of the badges of fraud relied on are found in the face of the deed, the effect of these badges, in connection with the other facts in the case, was a question for the jury.   The issue joined was material, and the case falls within the first class of decisions as above, and this branch of the cause must be remanded for a new trial.

The decree in favor of complainant against defendant Oldham will be affirmed, but the complainant will, in accordance with the statute, pay all the costs of the court below except the costs of recovering the judgment.   The complainant will pay all the costs of this court, but may have a judgment against Oldham for the one-half thereof.   The costs of the court below upon the branch of the case between the complainant and Fargason and Parker, will abide the decree of the chancellor.